UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA PATRICK SMITH,
    Plaintiff,

vs.                                            Case No.: 3:23cv5661/TKW/ZCB

JASMINE CADE, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the Court on Plaintiff's motion for a preliminary injunction. (Doc. 47). For the reasons below, Plaintiff's motion should be denied.

### I. Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Zephyrhills Correctional Institution (ZCI). (*See* Doc. 47). Plaintiff's *pro se* civil rights complaint names five correctional officers at Santa Rosa Correctional Institution (SRCI) as Defendants. (Doc. 21 at 1-4).[1] Plaintiff asserts Defendants violated his

---

[1] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

1

Eighth Amendment rights by using excessive force on October 17, 2021, when he was housed at SRCI. (*Id.* at 7-8, 13-20). Plaintiff seeks compensatory and punitive damages against Defendants in their individual capacities. (*Id.* at 2-4, 13).

Plaintiff alleges he was transferred to ZCI on January 23, 2024, and placed in the Crisis Stabilization Unit (CSU). (Doc. 47 at 1). He alleges that CSU placements last a minimum of sixty days. (*Id.*). He alleges at that time, he will be evaluated and possibly recommended for placement in a Transitional Care Unit (TCU). (*Id.*). Plaintiff alleges that a placement recommendation would be submitted to officials at the FDOC's Central Office. (*Id.*). If those officials approved his TCU placement, then Plaintiff would be placed in one of the five FDOC institutions that houses TCU inmates. (*Id.* at 2). He alleges ZCI and SRCI are two of those institutions. (*Id.* at 1-2).

Plaintiff is concerned that he may be harmed or otherwise retaliated against if he is transferred to SRCI, where the alleged excessive force involved in this lawsuit occurred over two years ago. (*Id.*

at 2). Thus, Plaintiff asks the Court to enjoin the FDOC from transferring him to SRCI. (*Id.*).

## II. Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff's motion for preliminary injunction is fundamentally flawed because he has failed to show that any of the named Defendants—individual correctional officers—have the authority to prevent his transfer to SRCI if ordered to do so by the Court. It is elemental that

3

courts cannot force a defendant "to act in any way that is beyond [the defendant's] authority to act in the first place." *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001). Put another way, "a claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp.2d 1019, 1024 (W.D. Wis. 2007); *see also Hunt v. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008) (finding that an injunction could not be issued against an individual who no longer had the authority to grant the requested relief). Enjoining a defendant who lacks the authority to provide the relief ordered "would be a meaningless gesture." *Bronson v. Swensen*, 500 F.3d 1099, 1112 (10th Cir. 2007).

Here, the Defendants are five correctional officers at SRCI who have been sued in their individual capacities. Plaintiff does not allege any of the named Defendants possesses the authority to prevent (or effectuate, for that matter) his transfer to SRCI. *See generally Swan v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) (recognizing that "where . . . a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction."). Nor is there any reason

4

for the Court to believe that individual correctional officers such as Defendants have the authority to decide an inmate's institutional placement. Because Plaintiff has failed to demonstrate that Defendants have the authority to effect the relief he seeks in his motion for a preliminary injunction, his motion necessarily fails.[2]

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for preliminary injunctive relief (Doc. 47) be **DENIED**.

At Pensacola, Florida this 6th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the

---

[2] Moreover, Plaintiff cannot obtain an injunction against people and/or entities who have not been named as Defendants in this action. *See Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) ("To the extent that [plaintiff] requested injunctive relief against officials at his prison who were not parties to the instant action, the district court lacked subject matter jurisdiction to grant the relief requested.").

5

Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.