UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA PATRICK SMITH,
    Plaintiff,

v.                                 Case No.: 3:23cv5661/TKW/ZCB

JASMINE CADE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner who filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* (IFP). He has filed a Request for Entry of Default and Motion for Default Judgment against Defendant Davonte Williams. (Doc. 73, 74). For the reasons below, Plaintiff's request for entry of default and motion for default judgment should be denied.

### I. Background

Plaintiff's Second Amended Complaint named five Defendants, including Correctional Officer Davonte Williams. (Doc. 21). Because Plaintiff is proceeding IFP, the Court directed the U.S. Marshals Service (USMS) to serve the identified Defendants.[1] (Doc. 32). The USMS

---

[1] One of the Defendants is "John Doe," an unidentified correctional officer. (Doc. 21). The Court notified Plaintiff that he is responsible for

1

attempted to obtain a waiver of service from Defendant Williams by sending waiver forms to Williams' last known address. (Doc. 50). After no waiver of service form was returned (Doc. 57), the Court ordered the Clerk of Court to issue a summons for Defendant Williams indicating that he had twenty-one days to respond to the Second Amended Complaint. (Doc. 59). The Court directed the USMS to attempt personal service of the summons and complaint upon Defendant Williams. (*Id.*).

Plaintiff filed the current Request for Entry of Default, Motion for Default Judgment, and supporting documents on June 2, 2024. (Doc. 73; Doc. 73-1, Doc. 74; Docs. 74-1 through 74-3).

On June 10, 2024, the USMS filed a return of service stating that Defendant Williams was served on June 7, 2024. (Doc. 76).

## II. Discussion

There is a two-step procedure for obtaining a default judgment under Rule 55(b)(2). *See* Fed. R. Civ. P. 55(a), (b). First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

using the discovery process to attempt to determine this officer's identity and then notify the Court when he discovers it. (Doc. 32 at 1 n.1; Doc. 63 at 1 n.1).

defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after receiving an entry of default, the party must apply for default judgment. *See* Fed. R. Civ. P. 55(b). "The law is clear that these two separate steps cannot be combined into one . . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC*, No. 3:09-cv-232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Here, the Clerk of Court may not properly enter a default. That is because Plaintiff filed his request for entry of default *before* Defendant Williams' response to the Second Amended Complaint was due. According to the USMS, Defendant Williams was served on June 7, 2024. So, his answer/response is not due until June 28, 2024. (Doc. 59); Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to serve an answer within 21 days after being served with the summons and complaint). Plaintiff filed

his request for entry of default and default judgment on June 2, 2024, prior to Williams' response deadline.

Plaintiff has not satisfied the threshold requirement of demonstrating that Defendant Williams has failed to plead or otherwise defend within the required time. For that reason, Plaintiff is not entitled to an entry of default or a default judgment against Defendant Williams.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

Plaintiff's Request for Entry of Default and Motion for Default Judgment (Docs. 73, 74) be **DENIED**.

At Pensacola, Florida, this 13th day of June 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.