UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA PATRICK SMITH,
    Plaintiff,

vs.                                Case No.:  3:23cv5661/TKW/ZCB

JASMINE CADE, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is a prisoner who filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*.  One of the named Defendants is Lieutenant Jasmine Cade.  Despite reasonable efforts, the United States Marshals Service (USMS) has been unable to serve Defendant Cade.  Thus, Plaintiff's claims against Defendant Cade should be dismissed under Federal Rule of Civil Procedure 4(m).

## I.  Background

Upon filing this case, Plaintiff requested (and received) leave to proceed *in forma pauperis*.  (Docs. 1, 2, 5).  Plaintiff's second amended complaint named five defendants, including Defendant Cade.  (Doc. 21).  Plaintiff has accused Defendant Cade of failing to intervene in a use of excessive force by the other Defendants on October 17, 2021.  Because

1

Plaintiff is proceeding *in forma pauperis*, the Court directed the USMS to serve the named Defendants. (Doc. 32).

The Court first directed the USMS to send a copy of the second amended complaint and summons to the specially appointed process server at the prison. (Doc. 32). The specially appointed process server informed the USMS that Defendant Cade was "no longer employed at Santa Rosa Correctional Institution." (Doc. 36). The Court then requested that the Florida Department of Corrections (FDOC) provide a last known address for Defendant Cade. (Doc. 41). The FDOC provided an address, and the USMS sent waiver of service forms to that address. (Docs. 49, 50). The USMS notified the Court that the waiver forms were returned as undeliverable. (Doc. 53).

Having no other information on Defendant Cade's location, the Court ordered Plaintiff to do one of three things by May 28 2024: (1) submit a service address for Defendant Cade; (2) file a notice with the Court voluntarily dismissing his claim against Defendant Cade; or (3) show cause why the claims against Defendant Cade should not be recommended for dismissal for failure to effect timely service. (Doc. 58). At Plaintiff's request, the Court extended the deadline for compliance to

July 26, 2024. (Docs. 69, 71). That deadline has passed, and Plaintiff has not responded to the Court's order.

## II. Discussion

Under Rule 4(m) of the Federal Rules of Civil Procedure, a matter should be dismissed against a defendant who "is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).[1] That time period may be extended "if the plaintiff shows good cause for the failure" to serve. *Id.* When a plaintiff is proceeding *in forma pauperis*, the Court will instruct the USMS to serve the defendants. 28 U.S.C. § 1915(d). Generally, the USMS's inability to perfect service "through no fault" of the plaintiff "constitutes 'good cause' for the plaintiff's failure to effect timely service." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). The Eleventh Circuit has said that it "is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of [] defendants who no longer work at the prison." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010). Thus, where the USMS "can locate the [] defendant with

---

[1] Plaintiff's second amended complaint was filed on August 28, 2023. (Doc. 21).

3

reasonable effort, prisoner-litigants who provide enough information to identify the [] defendant have established good cause for Rule 4(m) purposes." *Id*. at 740.

Dismissal for lack of service is warranted, however, if the USMS cannot perfect service after exercising reasonable efforts. *Id*. at 738. Courts throughout the Eleventh Circuit have dismissed defendants for lack of service in such situations. *See, e.g.*, *Waller v. Knight*, No. 1:21-cv-196, 2023 WL 6817481 (N.D. Fla. Sept. 15, 2023), *adopted by* 2023 WL 6810521, at *1 (N.D. Fla. Oct. 16, 2023) (dismissing claims against defendant without prejudice for lack of service where USMS made reasonable and persistent efforts to perfect service but those efforts were unsuccessful); *Quilling v. Clark*, No. 4:10cv404, 2012 WL 2379888, at *2 (N.D. Fla. May 23, 2012) (stating that claims against former prison guards should be dismissed because "[n]umerous efforts were made by the Marshals Service in attempting to locate and serve the Defendants," and their whereabouts remained unknown).[2]

---

[2] *See also, e.g.*, *Walker v. Barfield*, No. 5:19-cv-73, 2022 WL 1481801, at *2 (S.D. Ga. Apr. 13, 2022) (recommending dismissal because the defendants could not be served "despite the Marshals Service's best efforts"); *Daniels v. Dunn*, No. CV 16-00565, 2018 WL 5931141, at *2 (S.D. Ala. Sept. 10, 2018) (explaining that dismissal was warranted

Here, the USMS has tried to serve Defendant Cade. Despite the reasonable efforts by the Court and the USMS, with the assistance of the FDOC, Defendant Cade has not been served. The Court has considered whether other circumstances warrant a further extension of the Rule 4(m) period. They do not.[3]

At the end of the day, there is no reason to believe that, if given more time, the USMS would be able to serve Defendant Cade. And Plaintiff has not responded to the Court's order requiring him to submit an address at which Defendant Cade could be served or show cause as to why Defendant Cade should not be dismissed for failure to serve. (Doc. 58). These circumstances suggest that providing more time to serve

---

because "[d]espite the Court's exhaustion of reasonable efforts to serve Defendant" he was unable to be found and served); *Davis v. Young*, No. 5:12-CV-294, 2013 WL 4779220, at *1, *4 (M.D. Ga. Sept. 5, 2013) (dismissing claims against former prison guard for lack of service where the "record establishe[d] that [Defendant] could not be located with reasonable effort by the Court to effectuate service").

[3] Perhaps the most important "other circumstance" to consider here is whether Plaintiff's claims against Defendant Cade will be time-barred if dismissed without prejudice. It does not appear that the claims will be time-barred. (Doc. 21 at 6) (alleging the events giving rise to this lawsuit occurred on October 17, 2021); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (recognizing that the statute of limitations for § 1983 claims in Florida is four years).

Defendant Cade would be a futile exercise. The claims against Defendant Cade, therefore, should be dismissed without prejudice for lack of service.

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The claims against Defendant Cade be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 4(m) for lack of service.

2. The Clerk of Court terminate Jasmine Cade as a Defendant in this case.

At Pensacola, Florida, this 6th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.